CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
OCT 13 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Terri Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HERBERT PUTZ, *Plaintiff,* v. UNITED STATES OF AMERICA, *Defendant.* | CIVIL ACTION NO. 3:05-CV-00032 <br><br> <u>OPINION AND ORDER</u> <br><br> JUDGE NORMAN K. MOON |

This matter comes before the court on Defendant's August 1, 2005 Motion to Dismiss and Plaintiff's Second Motion to Dismiss for Lack of Jurisdiction, filed August 4, 2005. The Court heard arguments on these motions on October 7, 2005. Plaintiff argues that this Court lacks jurisdiction because the Federal Tort Claims Act ("FTCA") specifically exempts malicious prosecution cases from federal jurisdiction, and cites 28 U.S.C. § 2680(h) and *Sheridan v. United States*, 487 U.S. 392, 398 (1988) in support of his position.

Plaintiff's argument has no merit. *Sheridan* was decided on June 24, 1988, before the November 18, 1988 enactment of the Federal Employees Liability Reform and Tort Compensation Act of 1988, which amended 28 U.S.C. § 2679(d)(2) to read:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. **Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.**

> **This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.**

(emphasis added). The bolded section represents new text added by the 1988 Act. 28 U.S.C.A. § 2679 (Amendments).

Section 2679(d)(2) has been interpreted to conclusively establish removal jurisdiction upon the Attorney General's scope of employment certification, even if the federal district court later determines that the certification was erroneous. *Borneman v. U.S.*, 213 F.3d 819, 826 (4th Cir. 2000)("Because § 2679(d)(2) 'conclusively' vests federal jurisdiction over a suit against a federal employee who the Attorney General has certified 'was acting within the scope of his office or employment,' a district court has no authority to remand a case removed pursuant to that section); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995)(plurality opinion).

In *Borneman*, the Fourth Circuit explained that if a plaintiff presents persuasive evidence refuting the Attorney General's scope-of-employment certification, the burden shifts to the United States to supply evidence supporting the certification. *Borneman v. U.S.*, 213 F.3d at 827. This burden-shifting proof scheme may make it "advisable for the trial court to permit limited discovery or conduct an evidentiary hearing to resolve competing factual claims concerning the scope-of-employment issue." *Id.*

Accordingly, this Court has determined that it is the interest of justice to allow limited discovery and conduct an evidentiary hearing on the scope of employment issue. The parties are granted SIXTY (60) days from the date of this order to conduct discovery; another THIRTY (30) days after the discovery deadline to file briefs; and yet another FIFTEEN (15) days after the briefing deadline to file responsive briefs.

Plaintiff's motion to dismiss is DENIED. Defendant's motion to dismiss is TAKEN UNDER ADVISEMENT.

The parties are directed to call Heidi Wheeler at (434) 296-9284 to schedule a hearing to take place after the deadline for responsive briefs.

The clerk of the court is directed to send a certified copy of this Opinion and Order to all counsel of record.

It is so ORDERED.

ENTERED: *[signature]*
U.S. District Judge

10-13-2005
Date